■. Mr. Justice DANIEL,
dissenting..
■ I cannot concur in the opinion of the court in this case.
*111 Had I been, acting as a juror upon tbe trial of this cause, it is more than probable that the'conclusion formed by the jury • upon the evidence disclosed by the record is identical with that at which I should have arrived. And, further, had it been withimthe legitimate province of the court, in the attitude of the case before it, to declare what ought to be the deductions ■from facts either established in evidence, or presumed or supposed by the court to have been established, or even from facts admitted by the parties on the trial, then exception to the-charge of the court in this case could not properly be taken. The objection to the charge, and a fatal objection to my mind, arises from the principle that the court had no authority to pass upon or to give any opinion in relation to facts, either established by testimony or admitted or presumed, as to what those facts amounted to, or as to the correctness or the absurdity of any deduction which the jury might draw frcm them.' The power of the court was limited absolutely to the legality or relevancy of the testimony. The weight or effect of the testimony, or the deductions to be drawn from it, were peculiarly and exclusively within the province of the jury; and the court liad no power to inform them, or intimate that evidence, either exhibited in reality or presumed, should be construed in any particular way, orto say to them a'priori that an interpretation different from that of the court, as to the weight of evidence, would be absurd. Should the conclusion of the jury upon the weight of evidence be never .so absurd, still it is the peculiar province of the jury to weigh that evidence, and to draw-their own independent inferences from it; and the only legitimate corrective is to be found in, the award of a new trial, or by a case agreed, or a demurrer to evidence. If the court can a priori direct the jury what the evidence, either made out in proof or hypothetically stated, really amounts -to, the trial by jury becomes a cumbersome formality, and had as well, nay, had better be dispensed with, inasmuch as in the solemn administration of justice there should-be as little that is useless, burdensome; or preténded, as possible. To show the character of that portion of the charge of the court regarded as exceptionable, it is here inserted, as follows, viz:
*112 “If the jury find, that after his death (the death of the husband) she (Mrs. Kohne) returned to her former domicil in Charleston, took possession of the house and servants devised to her, lived in that house six or seven months of every year, calling it her home, spending only a few weeks in the spring and fall in her house here, and the remainder of the summer at watering-places; coining north in the summer for the sake of her health, always intending to return to her house in Charleston; that she was hindered returning the last time from sickness; if she consulted counsel how.she might avoid giving any pretence to the tax-gatherers of Pennsylvania tc treat her as domiciled here; if she-carefully denied at all. times her citizenship in Philadelphia, even to erasing it from printed lists of her church donations, as the assertion of a falsehood; if she refused to have some of her furniture removed here, for fear such a fact would be seized upon, after her death, for the purpose of asserting her domicil here; if she called herself, in her will, of Charleston; ’ if, when absent from that place, she always spoke of returning to it as her- home, and did return to it as such, till hindered by sickness — if the jury believed this evidence of defendant’s witnesses, testimony which has not been contradicted or denied, it would be absurd to say her domicil was not where she asserted it to be, to wit,' in the city of Charleston.”
Regarding this portion of the charge as tending to confound the powers of the court and the jury, I think that the judgment of the Circuit Court should be reversed, and the ease remanded for a new trial.